```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
BINA RADOSTI,                                               :
                                                            :
                              Plaintiff,                    :
                                                            :        18-cv-12266 (VSB)
              -against-                                     :
                                                            :              ORDER
HUDSON'S BAY COMPANY d/b/a LORD                             :
& TAYLOR and LORD & TAYLOR LLC,                             :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/2020

<u>VERNON S. BRODERICK, United States District Judge</u>:

On September 9, 2020, Defendant Hudson's Bay Company ("HBC") filed a motion to stay this case, (Doc. 37), until the final disposition of Defendant Lord & Taylor LLC's bankruptcy case in the United States Bankruptcy Court for the Eastern District of Virginia, *In re: Lord & Taylor LLC*, Bankruptcy Petition No. 20-33331-KLP (Bank. E.D. Va.), which has been consolidated for joint administration with *In re: Le Tote, Inc.*, Bankruptcy Petition No. 20-33332-KLP (Bankr. E.D. Va.). Although these bankruptcy proceedings operate as an automatic stay against Defendant Lord & Taylor LLC pursuant to 11 U.S.C. § 362(a)(1), (*see* Doc. 34), HBC does not seek an extension of the automatic stay to itself, but instead asks me to stay the remainder of the case pursuant to my discretionary authority. For the reasons that follow, HBC's motion is DENIED.

"Where the automatic stay does not apply, a court may 'still invoke its discretionary authority to stay the proceedings against [non-bankrupt codefendants],' but '[t]he proponent of the stay "bears the burden of demonstrating that such a stay is justified."'" *MBE Capital Partners LLC v. AVPOL Int'l LLC*, No. 17 CIV. 5992 (PGG), 2019 WL 568587, at *3 (S.D.N.Y.

Feb. 11, 2019) (quoting *Lightbody v. Girlie's Ambulette Serv. Inc.*, No. 09 Civ. 5493 (ILG), 2010 WL 3417844, at *2 (E.D.N.Y. Aug. 27, 2010) (quoting *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997))). "Court generally consider five factors in determining whether to stay a proceeding, including: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Fagan v. Republic of Austria*, No. 08 Civ. 6715(LTS)(JCF), 2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009).

Here, HBC fails to make a showing that a discretionary stay is warranted. The only prejudiced that HBC states it will suffer in the absence of a stay is its contention that "[a]ll witnesses with knowledge in this case (aside from Plaintiff herself) are current or former [Lord & Taylor LLC] employees" who cannot be subject to discovery. (Doc. 37-1, at 3.) Plaintiff has put forward a declaration disputing this contention, (Doc. 40), and HBC's reply brief appears to forfeit its initial argument, (*see* Doc. 41, at 4). In any case, discovery in this matter is set to close on December 31, 2020, and depositions are due to be completed by October 30, 2020. (Doc. 36.) Thus, HBC has not identified any real prejudice. Additionally, HBC maintains its "position [] that it was never Plaintiff's employer," (Doc. 37-1, at 4), which can be resolved through motion practice with no prejudice to itself or Defendant Lord & Taylor LLC. Weighing the remaining factors, Plaintiff has a clear interest in the just and speedy resolution of this case, and the Court has an interest proceeding to the merits of this dispute now that discovery is nearing an end, particularly since this case was filed on December 27, 2018.

Accordingly, Hudson's Bay Company's motion to stay this proceeding is DENIED.

The Clerk is directed to terminate the open motion at Document 37.

SO ORDERED.

Dated: September 29, 2020
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge