```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
BINA RADOSTI,                                              :
                                                           :
                              Plaintiff,                   :
                                                           :      18-CV-12266 (VSB)
              - against -                                  :
                                                           :       OPINION & ORDER
                                                           :
HUDSON'S BAY COMPANY, et al.,                              :
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------X
```

Appearances:

Robert L. Levy
Sherie Nan Buell
Harrison David Krauss
Bantle & Levy LLP
New York, New York
*Counsel for Plaintiff*

Colleen P. Tandy
David Brian Lichtenberg
Fisher & Phillips, LLP
Murray Hill, New Jersey
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Before me is Defendants' letter-motion for an order allowing Blair Zebrowski and Sam Vera to testify at trial remotely from Florida and Texas, respectively, using videoconferencing technology. (Doc. 69.) Because I do not find good cause and compelling circumstances to allow Ms. Zebrowski and Mr. Vera to testify remotely, and because both witnesses have been deposed, Defendants' motion is DENIED.

I.    **<u>Procedural History</u>**

On March 4, 2022, I issued an order that a jury trial was scheduled to begin in this case on June 29, 2022.  (Doc. 60.)  On March 31, 2022, I held a status conference with the parties to discuss details of the trial.  At that conference, counsel for Defendants notified me that Defendants intended to introduce the testimony of two witnesses remotely using videoconferencing.  I ordered Defendants to meet and confer with Plaintiff to determine whether Plaintiff consented to remote witness testimony, and to file a joint letter stating both parties' positions.  (Doc. 66.)

On April 19, 2022, the parties submitted a joint letter outlining their respective positions on Defendants' motion for remote witness testimony.  (Doc. 69.)  Defendants requested that the trial testimony of Ms. Zebrowski, former Area Sales Manager, and Mr. Vera, former Assistant General Manager, be permitted to be conducted through remote video conferencing.[1]  (*Id*.)  The letter stated that Ms. Zebrowski lives and works in Florida and Mr. Vera lives and works in Texas, and that both witnesses have "immediate family health issues" that require them to remain in their respective states.  (*Id*.)  Defendants offered to submit additional detailed information at a conference to avoid filing medical information on the public docket.  (*Id*.)  Defendants also noted that neither Ms. Zebrowski nor Mr. Vera live within 100 miles of the trial court, and therefore cannot be compelled by subpoena to testify.  (*Id*.)

In response, Plaintiff argued that Defendants had failed to show compelling circumstances to support their motion for remote testimony pursuant to Federal Rule of Civil Procedure 43(a).  (*Id*.)  Plaintiff suggested that, since both witnesses had already been deposed, pursuant to Federal Rule of Civil Procedure 32(a)(4), Defendants could designate them as

---

[1] The parties do not identify the company for which Ms. Zebrowski and Mr. Vera worked.

unavailable witnesses and introduce their testimony at trial through their deposition transcripts.  (*Id.*)

On April 20, 2022, I ordered Defendants to submit a letter detailing with specificity the witnesses' medical conditions that inhibited their ability to travel to testify at trial.  (Doc. 70.) On April 21, 2022, Defendants submitted a letter identifying the reasons Ms. Zebrowski and Mr. Vera could not travel to testify at trial, and I granted the request that the letter be filed under seal.[2]  (Doc. 73.)  On April 26, 2022, I held a status conference with the parties to further discuss Defendants' motion for remote testimony and indicated that I would take the motion under advisement and issue a written order with my decision.

## II.     Discussion

Federal Rule of Civil Procedure 43(a) provides, in full,

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise.  For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a).  According to the Second Circuit, Rule 43(a) gives a judge "discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards."  *Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020).  "Serious health conditions inhibiting a witness's ability to travel constitute good cause and compelling circumstance to permit live testimony in open court via video conference."  *Sawant v. Ramsey*, No. 07-cv-980, 2012 WL 1605450, at *3 (D. Conn. May 8, 2012).  The Advisory Committee on the Federal Rules of Civil Procedure has further explained, "[t]he opportunity to judge the

---

[2] I only provide generic descriptions of the circumstances underlying Defendants' motion to allow remote testimony, to protect the privacy interests of Ms. Zebrowski and Mr. Vera, while still enabling public access to this decision. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (holding that there is a presumption of public access to judicial documents).

demeanor of a witness face-to-face is accorded great value in our tradition.  Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial."  Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.  The Advisory Committee also said that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place."  (*Id.*)

I have reviewed the two letters that Defendants submitted in support of their motion, (Docs. 69, 73), and considered the information disclosed during the status conference on April 26, 2022.  I find that Defendants have not shown good cause and compelling circumstances to permit Ms. Zebrowski and Mr. Vera to testify remotely at trial.  While I certainly understand that traveling during the current COVID-19 pandemic poses inherent risks to Ms. Zebrowski's and Mr. Vera's own health and the health of their family members, and while I respect and do not question each witness's personal choice to not travel during this time, the witnesses' personal discomfort cannot, as presented to me, on its own, constitute compelling circumstances under Federal Rule of Civil Procedure 43(a).  *See* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment (remote testimony "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial").  Neither Ms. Zebrowski nor Mr. Vera provide sworn affidavits or any medical documentation describing or substantiating their representation that, due to medical reasons, they are unable to travel to testify at trial.[3]  *See id*.  Without such support, Defendants have not established the presence of "[s]erious health conditions inhibiting a

---

[3] Defendants rely on Mr. Vera's caretaking responsibilities to demonstrate compelling circumstances as to why he cannot travel to testify at trial.  (*See* Doc. 69, at 3 ("As to Mr. Vera, Defendants merely have referenced certain caregiving responsibilities in Texas.").)  While my decision is based on the previously stated reasoning, *see supra*, Defendants do not point to, and I do not find, any controlling case law permitting remote witness testimony pursuant to Federal Rule of Civil Procedure 43(a) based solely on caretaking responsibilities.

witness's ability to travel" to constitute compelling circumstances to permit remote testimony. *Sawant*, 2012 WL 1605450, at *3.

Moreover, because Ms. Zebrowski and Mr. Vera have both already been deposed in this matter, my decision does not foreclose the introduction of their testimony at trial. Plaintiff does not object to the designation of either witness as unavailable pursuant to Federal Rule of Civil Procedure 32, (*see* Doc. 69, at 3), and Defendants can therefore introduce Ms. Zebrowski's and Mr. Vera's deposition testimony at trial. *See* Fed. R. Civ. P. 32(a)(4); *see also Christians of California, Inc. v. Clive Christian New York*, *LLP*, No. 13-CV-275 KBF, 2014 WL 6467254, at *4 n.2 (S.D.N.Y. Nov. 10, 2014) (considering the potential for admission of deposition testimony at trial when analyzing whether "good cause" exists for a Rule 43 motion to permit remote testimony); *Smith v. Haag*, No. 08-CV-6360 CJS, 2015 WL 866893, at *10 (W.D.N.Y. Mar. 2, 2015) (finding that the presentation of plaintiff's deposition testimony at trial pursuant to Rule 34 in lieu of live video testimony is not prejudicial to the plaintiff seeking introduction of the testimony).

For the foregoing reasons, and based on the Federal Rules of Civil Procedure's requirement that witness testimony be conducted live in court in the absence of good cause and compelling circumstances, Defendants' motion is denied.

### III. Conclusion

Accordingly, Defendants' motion for an order allowing Blair Zebrowski and Sam Vera to testify at trial remotely by videoconferencing technology is DENIED.

The parties are ordered to meet and confer and, on or before May 27, 2022, submit any proposed redactions to the transcript of the status conference held on April 26, 2022.

SO ORDERED.

Dated: May 4, 2022
New York, New York

Vernon S. Broderick
United States District Judge