

New Jersey
430 Mountain Avenue
Suite 303
Murray Hill, NJ 07974

(908) 516-1050 Tel
(908) 516-1051 Fax

Writer's Direct Dial:
(908) 516-1057

Writer's E-mail:
ctandy@fisherphillips.com

June 3, 2022

**VIA ECF**

Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *Radosti v. Hudson's Bay Company, et al.*
          *Civil Action No. 1:18-cv-12266-VSB*

Dear Judge Broderick:

    The letter, jointly submitted by Plaintiff Bina Radosti and Defendants, Hudson's Bay Company ULC ("HBC") and Lord & Taylor, is provided to the Court to allow the Court to assess whether the proposed settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") in this matter is fair, reasonable, and adequate. Plaintiff alleges that Defendants violated the FLSA and the NYLL by failing to pay overtime for all hours worked and retaliated against Plaintiff for making complaints about unpaid overtime ("wage and hour claims"). Plaintiff also alleges claims of discrimination and harassment based on her age and disability as well as retaliation under the New York City Human Rights Law.  The parties' wage and hour settlement agreement attached as Exhibit A ("the FLSA Agreement") complies with <u>Cheeks v. Freeport Pancake House Inc.</u>, 796 F.3d 199 (2d Cir. 2015) and reflects a compromise between the Plaintiff and Defendants.  Accordingly, the parties respectfully request that the Court approve the agreement.[1]

    The parties attended several mediations in this matter, including with the Honorable Barbara Moses, U.S.M.J. The matter was scheduled for trial on June 29, 2022.  On May 16, 2022, the parties reached a settlement in principle on all the claims in this case.

---

[1] The parties have separately (and privately) resolved Plaintiff's remaining claims, the settlement of which do not require Court approval.  Pending the Court's approval of the settlement of Plaintiff's FLSA and NYLL claims, the parties will submit a stipulation of dismissal of all remaining claims in this action under FRCP 41(a).

**Fisher & Phillips LLP**

Atlanta • Baltimore • Bethesda • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Fort Lauderdale • Gulfport • Houston
Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Pittsburgh • Portland • Sacramento • San Diego • San Francisco • Seattle • Tampa • Washington, DC

FP 44148195.1

Honorable Vernon S. Broderick, U.S.D.J.
June 3, 2022
Page 2

In the FLSA Agreement, Plaintiff has agreed to settle her wage claims against Defendants under the FLSA and the New York Labor Law ("NYLL"). The Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the FLSA Agreement. The FLSA Agreement is the result of an arms-length negotiation between the parties that comes on the heels of years of litigation, with an eye towards bringing this matter to a close and avoiding further complex and costly litigation. The proposed settlement would award Plaintiff a total of Sixty Thousand Dollars ($60,000.00) to settle her claims under both the FLSA and the NYLL.

The parties are cognizant of certain requirements of settlement agreements which purport to settle wage & hour claims under the FLSA and NYLL in light of the Second Circuit's decision in *Cheeks*. The parties have agreed that the settlement amount will not be confidential and the total settlement amount for the wage and hour claims (as well as the amount Plaintiff would ultimately recover herself) would be filed via ECF (which has been done here). Furthermore, the settlement agreement contains provisions which prohibit counsel for Plaintiff and Defendants from "contact[ing] the media, post[ing] online or utilize[ing] any social media regarding this Settlement," (Agreement, at Section 7(a)), however, the settlement agreement does not contain any provisions which would bar Plaintiff from "openly discussing her experiences litigating this wage-and-hour case." *Id.*, at *16; *See Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592 (LAK), 2015 U.S. Dist. LEXIS 2658, at *3 (S.D.N.Y. Jan. 9, 2015). In fact, the settlement agreement explicitly clarifies this. (Agreement, at Section 7(c)).

I.   **Statement of the Case**

Plaintiff was employed by Lord & Taylor ("L&T") as a Personal Shopping Supervisor from on or about June 15, 2015, until her termination on January 5, 2016. Though Plaintiff was a supervisor, she was treated as a non-exempt employee, being paid an hourly wage and commissions, and she was also eligible for overtime compensation. Plaintiff alleges that she was not properly paid overtime for hours worked over 40 hours per week. At her deposition, Plaintiff testified that she believed that she was owed a total of $1,000 in overtime. (Pl. Tr. at 200:2-5) Defendants deny any wrongdoing and maintain that Plaintiff was paid properly. Plaintiff also claims that she was terminated unlawfully. Plaintiff asserts a number of bases for her unlawful termination, including age discrimination, disability discrimination, retaliation for seeking a reasonable accommodation, and most germane to the instant application, retaliation for alleged complaints relating to the alleged unpaid overtime. Defendants deny these claims and maintain that Plaintiff was terminated for time theft.

II.   **Fairness and Reasonableness of the Settlement**

As noted above, the proposed FLSA Agreement concerning Plaintiff's overtime claims is attached hereto as Exhibit A. The settlement sum for the claims released therein is $60,000, with 33.33% of that sum to be awarded as attorneys' fees and costs. In this District, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60*, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and

Honorable Vernon S. Broderick, U.S.D.J.
June 3, 2022
Page 3

reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In this case, the factors support approval of the settlement.

Per the terms of the FLSA agreement, the Defendants will make the settlement payment within 21 days of execution and the Court's approval of the settlement agreement. The settlement agreement is the product of much arm's-length bargaining between experienced counsel, accounts for the fact that Plaintiff has asserted several statutory theories for unlawful termination that are being resolved by the settlement in this case, and that there is a non-FLSA settlement agreement that addresses the settlement of those claims. Within this context, the parties agree that the amount being allocated to settle the FLSA claim is fair to Plaintiff. There were many issues at dispute relating to both the claims of overtime as well as the alleged retaliation and the parties were beginning to prepare for trial. Based on Plaintiff's deposition testimony, Plaintiff's total damages for alleged unpaid wages is $1,000. The settlement agreement provides for unpaid wages of $1,000; liquidated damages of $1,000.00; damages for the alleged retaliation of $38,000; and attorneys' fees of $20,000.

Plaintiff's lower range of recovery is $0. In the upper range of recovery, Plaintiff could expect to recover the alleged unpaid overtime pay of no more than $1,000, in addition to liquidated damages. Plaintiff could also potentially recover damages for lost wages (estimated at approximately $150,000 - $200,000) and emotional distress, if she prevailed on the unlawful termination claim on the theory that the termination was motivated by retaliatory animus relating to her complaints of unpaid overtime. Defendants argue that there is a significant likelihood that even if Plaintiff had been able to prove approximately $1,000 in unpaid overtime, Plaintiff would not have been able to show that the termination of her employment was motivated by related retaliatory animus. In recognition of Plaintiff's multiple and overlapping statutory claims concerning the termination of her employment, and the parties shared sense of uncertainty as to which rationale for termination a jury would most likely adopt, the parties have settled on the present amount as a fair and reasonable settlement of Plaintiff's FLSA and NYLL claims.

The resolution of these claims allows Plaintiff a guaranteed payment in 21 days of settlement approval. The settlement agreement also enables Plaintiff to secure payment while avoiding the burden and uncertainty of litigation. It is submitted that there are a number of factual and legal disputes between the parties which could ultimately impact Plaintiff being able to be successful if this case were to proceed to trial. While Plaintiff potentially could have recovered a slightly greater amount than the amount she is settling for, there is also significant risk that she would recover nothing from the Defendants.

Honorable Vernon S. Broderick, U.S.D.J.
June 3, 2022
Page 4

### III. Attorneys' Fees

The attorneys' fees and costs of $20,000.00 are reasonable in that they constitute one-third of Plaintiff's recovery, and reflect only a small percentage of the time billed for researching Plaintiff's FLSA and NYLL claims, preparing and filing the complaint, engaging in motion practice, conducting discovery, and negotiating a resolution of these claims. Given the breadth and factual complexity of this case, the amount of attorney time expended on establishing Plaintiff's right to overtime pay was nominal and primarily involved a mathematical calculation premised on review of a small number of time records. The amount of time specifically allocated to the FLSA retaliation claim is difficult to ascertain with certainty given the variety of unlawful termination theories asserted and substantial overlap of attorney time in litigating the factual issues related to those theories.

Plaintiff was represented in this matter by one attorney with over two decades of experience litigating plaintiff's employment cases and a second attorney with approximately seven years of experience. The fees amount provided to Plaintiff's counsel under the FLSA Agreement is calculated based on billing rates well within the range of rates typically awarded in cases in this Circuit, and well below Plaintiff's attorneys' lodestar on the released claims (over $300,000 to date). Plaintiff's counsel is prepared to submit contemporaneous billing records documenting each attorneys' work performed for Your Honor's review in camera at the request of the Court. We acknowledge and note that due to substantial overlap of the facts relevant to the termination claims, it is extremely difficult to parse with any exactitude what percentage of legal time was spent on the FLSA retaliation claim as distinct from the other theories of discriminatory termination. We do note that the factual issues relating to the FLSA retaliation claim were more circumscribed, and required less witness inquiry, than the facts related to the disability and/or age claim.

### IV. Conclusion

In light of the foregoing, the parties respectfully submit that the proposed settlement amount is fair and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL in light of *Cheeks*. Accordingly, the parties respectfully request the Court to approve the settlement agreement entered into between the parties.

Honorable Vernon S. Broderick, U.S.D.J.
June 3, 2022
Page 5

       The parties thank the Court for its attention to this matter.

                Respectfully submitted,

| **BANTLE & LEVY LLP** | **FISHER & PHILLIPS LLP** |
|---|---|
| By: _/s/ Robert L. Levy_ | By: _[signature]_ |
| Robert L. Levy, Esq. | Colleen P. Tandy, Esq. |
| Sherie N. Buell, Esq. | 430 Mountain Avenue, Suite 303 |
| 99 Park Avenue, Suite 1510 | Murray Hill, NJ 07075 |
| New York, New York 10016 | Phone: (908) 516-1050 |
| Tel. (212) 228-9666 | E-mail: ctandy@fisherphillips.com |
| levy@civilrightsfirm.com | Attorneys for Defendants |
| Buell@civilrightsfirm.com | |
| Attorneys for Plaintiff | |
| Dated:_____ | Dated:_____ |

# EXHIBIT A

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement ("Settlement Agreement") is entered into between Plaintiff Bina Radosti ("Plaintiff" or "Radosti") and Defendant Hudson's Bay Company ULC ("HBC")  (incorrectly named as Hudson's Bay Company d/b/a Lord & Taylor) (Plaintiff and HBC are collectively referred to herein as the "Parties"), to settle the wage and hours claims asserted in the matter *Bina Radosti v. Hudson's Bay Company d/b/a Lord & Taylor and Lord & Taylor LLC, 18-cv-12266 (VSB)* (the "Wage-Hour Claims").

**WHEREAS,** in the Wage-Hour Claims, Plaintiff has asserted a cause of action, claim, or demand based on alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") including, but not limited to, non-payment of overtime wages allegedly earned by Plaintiff as well as alleged retaliation;

**WHEREAS**, HBC denies that it has committed any wrongdoing or violated any federal, state, or local laws, vigorously dispute the claims asserted in the Wage-Hour Claims, and continue to assert that it has strong and meritorious defenses to such claims;

**WHEREAS,** the Parties have agreed that in order to avoid the expense and burdens of further litigation and after substantial, arms-length settlement negotiations, the Parties desire to resolve and settle the Wage-Hour Claims, including releasing all claims and charges against Defendant Released Parties (defined below), asserted therein, upon the terms and conditions more fully set forth below; and

**IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED,** by and among the Plaintiff and HBC, and intending to be legally bound that subject to the approval of the Court, the Wage-Hour Claims shall be settled and dismissed as against HBC and Lord & Taylor LLC ("Lord & Taylor"), on the merits and with prejudice and the released claims, set forth in Paragraph 4, shall be

finally and fully compromised and settled in the manner and upon the terms and conditions hereafter set forth:

1.      **Process for Approval of Settlement.**  The parties agree to submit this Settlement Agreement to the Court along with all papers necessary to obtain approval of this Settlement.  Once approved by the Court, the parties will execute this Agreement within 5 days.

2.      **Payment of Settlement Proceeds.**  In consideration of the execution of this Settlement Agreement and promises and covenants contained herein, and in full, final, and complete settlement, the Parties acknowledge and agree that the Wage-Hour Claims are settled and resolved for the total gross amount of Sixty Thousand U.S. Dollars ($60,000) inclusive of Plaintiff's counsel's attorneys' fees, expenses and costs ("Gross Settlement Amount").  Plaintiff acknowledges that the Gross Settlement Amount is sufficient and adequate consideration in exchange for Plaintiff's promises, releases and covenants as set forth below.  Within twenty-one (21) days of the Court's final approval of this Settlement Agreement as well as receipt of an original IRS Form W-9 signed by Plaintiff and Plaintiff's Counsel, HBC shall deliver to Plaintiff's counsel, Bantle & Levy LLP, the following settlement payments:

   a.   A check made payable to Bina Radosti in the gross amount of Twenty Thousand Dollars ($20,000.00), less applicable federal, state and local taxes and other appropriate payroll deductions, for alleged lost wages, which amount will be reported for tax purposes on a U.S. Internal Revenue Service ("IRS") Form W-2;

   b.   A check made payable to Bina Radosti in the gross amount of Twenty Thousand Dollars ($20,000.00), to compensate Plaintiff for alleged liquidated damages and statutory penalties as well as alleged emotional distress, and which amount will be reported for tax purposes on an IRS Form 1099;

    c.    A check made payable to "Bantle & Levy, LLP", as attorneys for Plaintiff, in the amount of Twenty Thousand Dollars ($20,000.00), which amount will be reported for tax purposes on an IRS Form 1099. Plaintiff's counsel agrees to provide a signed IRS Form W9 to effectuate payment.

    Plaintiff understands and agree that HBC is providing her with no tax or legal advice, and make no representations regarding tax obligations or consequences, if any, related to this Agreement. Except as to withholdings in connection with the payment made pursuant to 2.2a, which shall be the responsibility of Defendant, Plaintiff agrees that she will be solely responsible for any and all taxes owed and payable by her with respect to the settlement payment and agrees that she will timely file the appropriate income tax return(s) for calendar year reflecting the above payment, and will timely pay the taxes.  Notwithstanding the foregoing, if any claim is asserted against HBC or any of the Defendant Released Parties (defined below), by any taxing authority with respect to the payments provided for herein, Plaintiff shall hold harmless and indemnify HBC and any of the Released Parties from any cost, loss, liability, expense, fine, and penalty assessed against Plaintiff, and any attorneys' fees arising from any of the payments set forth herein and/or the extent of withholdings from same; provided, however, that Plaintiff shall bear no responsibility for or in connection with the failure of HBC to make any employer's contributions to payroll taxes.

    3.    **Settlement Payments Do Not Trigger Additional Benefits.** All payments to Plaintiff shall be deemed to be paid solely in the year in which such payments actually are received by the Plaintiff.  The Parties agree and Plaintiff acknowledges that the payments provided for in this Settlement Agreement are the sole payments to be made to the Plaintiff in connection with the Wage-Hour Claims and that the Plaintiff is not entitled to any new or additional compensation or benefits as a result of having received the payments (notwithstanding any contrary language or agreement in any

benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

**4.      Waiver and Release of Claims against Defendants.**

4.1     The term "Defendant Released Parties" as used in this Agreement includes (a) Hudson's Bay Company ULC and each of its past, present, and future owners, parents, divisions, subsidiaries, partnerships, other affiliates, and related entities (whether or not they are wholly owned); (b) Lord & Taylor LLC and each of its past, present, and future owners, parents, divisions, subsidiaries, partnerships, other affiliates, and related entities (whether or not they are wholly owned);(c) the past, present, and future owners, trustees, fiduciaries, administrators, management committees, benefit plans, shareholders, directors, officers, partners, agents, representatives, members, associates, employees, and attorneys of each entity listed in subparts (a) and (b) above; and (d) the predecessors, successors, and assigns of each entity listed in subparts (a) and (b) above.

4.2     Plaintiff, in consideration of the Settlement Payment set forth in Paragraph 2, releases and forever discharges the Defendant Released Parties, from all actions, causes of action, claims, and demands whatsoever, whether known or unknown, whether asserted or unasserted, in law or equity, relating to the laws governing minimum wage, overtime pay, wage payments, or other wage and hour issues, including, but not limited to, claims arising under the Fair Labor Standards Act, New York Labor Law, Article 5, § 160, *et seq.*, New York Labor Law, Article 6, § 190, *et seq.*, the New York Minimum Wage Act, New York Labor Law, Article 19, § 650, *et seq.*, New York's Minimum Wage Order, 12 NYCRR Part No. 142, claims for unpaid wages, unpaid overtime, disputes over hours worked, or failure to provide proper wage statements or notices, claims for breach of contract or compensation related to the payment of wages.  The released claims include interest, liquidated damages, punitive damages, penalties, attorneys' fees and costs related to such claims.

4

5. **Scope of Waiver of Claims.**  Nothing in this Settlement Agreement shall constitute a waiver of any rights to enforce the terms of this Settlement Agreement or waiver of claims that cannot be legally waived or of claims that arise after the date this Settlement Agreement is executed.  Nothing in this Settlement Agreement shall be construed to prohibit Plaintiff from filing a charge with or participating in any investigation or proceeding conducted by the EEOC, NLRB or comparable state or local agency.  However, Plaintiff agrees that she has released the Defendant Released Parties from any and all liability arising from the laws, statutes, and common law listed in Paragraph 4, above.  As such, Plaintiff is not and will not be entitled to any monetary or other comparable relief on her behalf resulting from any proceeding brought by Plaintiff, or any other person or entity, including but not limited to any federal, state, or local agency.  With this release of claims in this Settlement Agreement, Plaintiff specifically assigns to HBC its right to any recovery arising from any such proceeding.

6. **Settlement Contingent on Court Approval.**  This Settlement Agreement is contingent upon the Court's approval of the Settlement ("Final Approval").  If the Court refuses to grant Final Approval, this Settlement Agreement may be voided at any Party's option, in which case this Settlement Agreement will become void and will not be used for any purpose in connection with any further litigation or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint.

7. **Non-Disclosure and Communications.**

a. Plaintiff's counsel and HBC's counsel will not contact the media, post online or utilize any social media regarding this Settlement or its terms.  If contacted by the media regarding this Settlement, counsel's response can be "no comment" or be limited solely to words to the following effect: "The matter has been resolved."

      b.      Plaintiff's Counsel will promptly notify HBC's Counsel of any third-party demand that they disclose information pertinent to this Settlement.

      c.      No provision in this Settlement Agreement shall be construed to restrict Plaintiff's ability to discuss her experience in litigating a wage-and-hour case brought pursuant to the Fair Labor Standards Act or New York Labor Law.

    **8.**    **Mutual Full Cooperation.**  The Parties will fully cooperate with each other and with the Court to accomplish the terms of this Settlement Agreement, including but not limited to, the preparation and execution of documents necessary to implement this Settlement Agreement.  The Parties will use their best efforts to effectuate this Settlement Agreement, and will use their best efforts to obtain the Court's approval of the Settlement and to defend the Settlement from any legal challenge.

    **9.**    **Complete Agreement.**  No representation, promise, or inducement has been offered or made to induce any Party to enter into this Settlement Agreement, which contains the entire, complete, and integrated statement of all Settlement terms and supersedes all previous oral or written agreements.  This Settlement Agreement may not be amended or modified except by a writing signed by the Parties' authorized representatives, provided any such amendment or modification is not contrary to law or an order of the Court.

    **10.**    **Notifications and Communications.**  Any notifications or communications made in connection with this Settlement Agreement shall be sent to the Parties at the addresses of their respective counsel as follows:

| | |
|---|---|
| BANTLE & LEVY, LLP<br>c/o Robert L. Levy, Esq.<br>Sherie N. Buell, Esq.<br>99 Park Avenue, Suite 1510<br>New York, New York 10016<br>Tel. (212) 228-9666<br>levy@civilrightsfirm.com, buell@civilrightsfirm.com<br>*Attorneys for Plaintiff* | FISHER & PHILLIPS LLP<br>c/o Colleen P. Tandy, Esq.<br>430 Mountain Avenue, Suite 303<br>Murray Hill, New Jersey 07974<br>Tel. (908) 516-1057<br>Fax (908) 516-1057<br>ctandy@fisherphillips.com<br>*Attorneys for Defendants* |

**11.     No Admission of Liability and No Concession as to the Merits.**  Defendant Released Parties deny that they violated the law in any manner alleged in or related to the Wage-Hour Claims. Plaintiff acknowledges and agrees that the payments made pursuant to this Settlement Agreement are not to be construed as an admission of liability on the part of any of the Defendant Released Parties. The Parties enter into this Settlement Agreement to avoid the risks, uncertainty, expense and burden of further litigation.  This Settlement Agreement shall not be construed or deemed to be an admission of liability, culpability, negligence, or wrongdoing on the part of any Defendant Released Party. Neither the Settlement nor the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement or the Settlement Agreement:  (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of any Defendant Released Parties; or (ii) is or may be deemed to be or may be used as an admission or evidence of any liability, fault or omission of any Defendant Released Parties in any civil, criminal or administrative proceeding in any court, arbitration proceeding, administrative agency or other forum or tribunal in which any Defendant Released Parties are or become a party, other than in such proceedings as may be necessary to consummate or enforce the Settlement Agreement or the Final Approval order.

**12.     Waiver.**  The waiver by one party of any breach of this Settlement Agreement by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.  No rights under this Settlement Agreement may be waived except in writing and signed by the waiving party.

**13.     Miscellaneous.**  This Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or such party's counsel participated in the drafting of the Settlement Agreement.  This Settlement Agreement constitutes the entire

agreement among these Parties, and no representations, warranties or inducements have been made to the Parties concerning this Settlement Agreement, other than the representations, warranties and covenants contained and memorialized in such documents.

14. **Execution In Counterparts.**  This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Fax or .pdf signatures shall be deemed original copies for the purposes of this Settlement Agreement.

15. **Binding Effect.**  This Settlement Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto.

16. **Governing Law**.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to choice of law principles.  The Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Settlement Agreement or any of its terms. All Parties to this Settlement Agreement shall be subject to the jurisdiction of the Court for all purposes related to this Settlement Agreement.

17. **Headings.**  The Paragraph headings in this Settlement Agreement are for the convenience of reference only, do not constitute a part of this Settlement Agreement, and shall not be deemed to limit or affect any provision hereof.

18. **Knowing and Voluntary Agreement.**  The Parties enter into this Settlement Agreement knowingly, voluntarily, and with full knowledge of its significance.  The Parties have not been coerced, threatened, or intimidated into signing this Settlement Agreement and have consulted with legal counsel regarding the Settlement Agreement.  In addition, Plaintiff acknowledges that she has been given a reasonable time in which to consider and sign this Settlement Agreement, that the Settlement Agreement has been written in a clear manner, and that she fully understands the

9

significance of all the terms and conditions of this Settlement Agreement and has had the opportunity to discuss them with her attorneys and her attorneys have answered to her satisfaction any questions she has asked with regard to the meaning and significance of any of the terms or provisions of this Settlement Agreement.

Hudson's Bay Company ULC

_____   By:_____
Bina Radosti

Dated:_____

Dated:_____