UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BINA RADOSTI,

Plaintiff,

-v-

HUDSON'S BAY COMPANY, et al.,

Defendants.

18-CV-12266

**OPINION & ORDER**

Robert L. Levy
Sherie Nan Buell
Harrison David Krauss
Bantle & Levy LLP
New York, New York
*Counsel for Plaintiff*

Colleen P. Tandy
David Brian Lichtenberg
Fisher & Phillips, LLP
Murray Hill, New Jersey
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Bina Radosti ("Plaintiff") filed this action against Defendants Hudson's Bay Company d/b/a Lord & Taylor ("HBC") and Lord & Taylor LLC (together, "Defendants") alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201–219, the New York Labor Law (the "NYLL"), and the New York City Human Rights Law ("NYCHRL"), claiming unpaid wages, gender and age employment discrimination, wrongful termination, and retaliation. (*See generally* Doc. 1.) Currently before me is the parties' joint request, filed on June 3, 2022, that I approve their settlement. Because the settlement agreement contains an overly broad release, and Plaintiff's counsel failed to provide billing records to support their

requested attorneys' fees, I find that the parties' settlement agreement is not fair and reasonable and deny their request.

## I. Procedural History

On December 27, 2018, Plaintiff filed this action against Defendants HBC and Lord & Taylor LLC alleging violations of the FLSA, the NYLL, and the NYCHRL, claiming unpaid wages, gender and age employment discrimination, wrongful termination, and retaliation. (*See generally* Doc. 1.) On August 18, 2020, Defendants filed a notice of automatic stay of proceedings against Defendant Lord & Taylor LLC, in light of Lord & Taylor LLC's bankruptcy case in the U.S. Bankruptcy Court for the Eastern District of Virginia. (Doc. 34.) On September 9, 2020, HBC moved to stay all proceedings in this case pending the disposition of that bankruptcy proceeding. (Doc. 37.) On September 29, 2020, I denied that motion to stay the remainder of the case, citing Plaintiff's interest in a speedy resolution of the case. (Doc. 42.)

A jury trial in this matter is scheduled to commence on June 29, 2022. On May 17, 2022, the parties advised me that they had reached a settlement. (Doc. 80.) I stayed the remaining deadlines in the case, including pretrial briefing, and ordered the parties to submit their settlement information for my approval. (Doc. 83.) On June 3, 2022, the parties submitted their settlement agreement and a letter arguing that the agreement was fair and reasonable and asking for my approval of the agreement. (Doc. 88.)

## II. Legal Standard

Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and

reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). "A reasonable agreement must 'reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 WL 1626631, at *1 (S.D.N.Y. Apr. 21, 2016) (quoting *Mamani v. Licetti*, No. 13-CV7002 (KMW)(JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)).

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Beckert v. Rubinov*, No. 15 Civ. 1951(PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St Marks, Inc.*, Nos. 14-CV-9063 (RA), 15-CV-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quoting *Pavon v. Daniel's Bagel Corp.*, No. 15 CV 8376 (LTS) (SN), 2016 WL 3960555, at *1 (S.D.N.Y. July 12, 2016)).

## III. Discussion

I have independently reviewed the settlement agreement and supporting submissions provided by the parties, (Doc. 88), to determine whether the terms of the settlement agreement

are fair, reasonable, and adequate. I find that the settlement agreement contains an overbroad release clause. Plaintiff also fails to submit any attorney billing records or other factual evidence to support their request for attorneys' fees, so I cannot find that the attorneys' fees requested in the settlement agreement are fair and reasonable. Given these deficiencies, I do not find that the settlement agreement is "fair and reasonable," and order the parties to either submit a revised proposed settlement agreement on or before June 15, 2022 that cures the deficiencies discussed *infra*, or file a joint letter on or before June 15, 2022 that indicates the parties' intention to abandon settlement and proceed to trial.

**A. *General Release***

I will not approve the sweeping "Waiver and Release of Claims against Defendants" provision in the proposed settlement agreement. (*See* Settlement Agmt. § 4.)[1] "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). "A number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)). This rejection also applies to future claims that are "known or unknown." *See Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL

[1] "Settlement Agmt." refers to the parties' proposed Stipulation and Agreement of Settlement. (Doc. 88.)

4931540, at *3 (S.D.N.Y. Oct. 10, 2018) ("The inclusion of 'any and all FLSA claims and NYLL claims of any kind or nature' is overbroad.").

The release provision in the parties' settlement agreement is too broad to survive judicial scrutiny. Pursuant to the release provision, Plaintiff releases and forever discharges Defendants

> from all actions, causes of action, claims, and demands whatsoever, whether known or unknown, whether asserted or unasserted, in law or equity, relating to the laws governing minimum wage, overtime pay, wage payments, or other wage and hour issues, including, but not limited to, claims arising under the Fair Labor Standards Act, New York Labor Law, Article 5, § 160, et seq., New York Labor Law, Article 6, § 190, et seq., the New York Minimum Wage Act, New York Labor Law, Article 19, § 650, et seq., New York's Minimum Wage Order, 12 NYCRR Part No. 142, claims for unpaid wages, unpaid overtime, disputes over hours worked, or failure to provide proper wage statements or notices, claims for breach of contract or compensation related to the payment of wages.

(Settlement Agmt. § 4.2.) This provision is overbroad. It is not limited to the claims asserted in this case and does not contain any time or date restrictions, and as such, it requires Plaintiff to waive virtually any wage or hour claim against Defendants, including those entirely unrelated to the facts in this action and that may arise in the future. *See Bronx Moon LLC*, 2018 WL 4931540, at *3; *Martinez v. Gulluoglu LLC*, No. 15 CIV. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (declining to approve settlement agreement because release provision of proposed agreement "extends beyond the claims at issue in this action").

Accordingly, this release provision does not meet the standards for approval established by courts in this district.

### B. *Attorneys' Fees*

The settlement agreement provides for $20,000 in attorneys' fees. (Settlement Agmt. § 2(c).) Plaintiff does not provide any billing records to demonstrate that this amount is reasonable and fair, but explains there was substantial overlap in attorneys' efforts regarding the FLSA claims and the other discrimination and retaliation claims. (*Id*. at 4.) Plaintiff claims

these fees are reasonable because "they constitute one-third of Plaintiff's recovery, and reflect only a small percentage of the time billed for researching Plaintiff's FLSA and NYLL claims, preparing and filing the complaint, engaging in motion practice, conducting discovery, and negotiating a resolution of these claims." (*Id*.)

In FLSA cases, "a plaintiff seeking attorneys' fees must submit evidence providing a factual basis for the reward, or else the fee application will be rejected or reduced." *Hernandez v. Tabak*, No. 12 CIV. 1402 PKC, 2013 WL 1562803, at *1 (S.D.N.Y. Apr. 10, 2013). "Even where attorneys' fees are sought pursuant to the percentage of the fund method, 'counsel must submit evidence providing a factual basis for the award.'" *Arango v. Scotts Co., LLC*, No. 17-CV-7174 (KMK), 2019 WL 117466, at *5 (S.D.N.Y. Jan. 7, 2019) (quoting *Wolinsky*, 900 F. Supp. 2d at 336). Without any evidence to support Plaintiff's claim for attorneys' fees, I cannot determine that this amount is fair and reasonable.[2]

[2] Plaintiff's counsel states in the joint letter that it "is prepared to submit contemporaneous billing records documenting each attorneys' work performed for. . . review in camera at the request of the Court." (Settlement Agmt. 4.) The law is clear in this Circuit that such records must be provided, and Plaintiff's counsel makes no effort to argue otherwise. If the parties intend to file a revised proposed settlement agreement rather than proceed to trial, Plaintiff's counsel is directed to clearly identify which attorneys' work was completed for the purposes of Plaintiff's FLSA claims with as much detail as possible, so that the Court may distinguish between the time spent on those efforts versus Plaintiff's other claims.

## IV. Conclusion

For the reasons stated above, I find that the parties' proposed settlement agreement is not fair and reasonable. Accordingly, the parties' request that I approve the proposed settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement on or before June 15, 2022 that cures the deficiencies in the provisions as discussed above; or

2. Filing a joint letter on or before June 15, 2022 that indicates the parties' intention to abandon settlement and continue to trial, which is currently scheduled to begin June 29, 2022.

SO ORDERED.

Dated: June 8, 2022
New York, New York

Vernon S. Broderick
United States District Judge