

**New Jersey**
430 Mountain Avenue
Suite 303
Murray Hill, NJ 07974

(908) 516-1050 Tel
(908) 516-1051 Fax

**Writer's Direct Dial:**
(908) 516-1057

**Writer's E-mail:**
ctandy@fisherphillips.com

June 15, 2022

**VIA ECF**

Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Radosti v. Hudson's Bay Company, et al.*
                Civil Action No. 1:18-cv-12266-VSB

Dear Judge Broderick:

This letter, jointly submitted by Plaintiff Bina Radosti and Defendants, Hudson's Bay Company ULC ("HBC") and Lord & Taylor, is provided to the Court pursuant to the June 8, 2022 Opinion & Order (Document 89) and to allow the Court to assess whether the proposed settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") in this matter is fair, reasonable, and adequate.

The revised wage and hour settlement agreement attached as Exhibit A ("the revised FLSA Agreement") cures the deficiencies identified in the June 8, 2022 Order. Specifically, as to the release, the parties revised the release provision to limit it to the claims asserted in this case with a specific time frame. The new release provides:

> Plaintiff, in consideration of the Settlement Payment set forth in Paragraph 2, releases and forever discharges the Defendant Released Parties, from the wage and hour claims asserted in *Bina Radosti v. Hudson's Bay Company d/b/a Lord & Taylor and Lord & Taylor LLC*, 18-cv-12266 (VSB) from Plaintiff's employment at Lord & Taylor from June 5, 2015 until her termination on January 5, 2016 relating to the laws governing minimum wage, overtime pay, wage payments, or other wage and hour issues, including, but not limited to, claims arising under the Fair Labor Standards Act, New York Labor Law, Article 5, § 160, et seq., New York Labor Law, Article 6, § 190, et seq., the New York Minimum Wage Act, New York Labor Law, Article 19, § 650, et seq., New York's Minimum Wage Order, 12 NYCRR Part No. 142, claims for unpaid wages, unpaid overtime, disputes over

**Fisher & Phillips LLP**
Atlanta • Baltimore • Bethesda • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Fort Lauderdale • Gulfport • Houston
Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Pittsburgh • Portland • Sacramento • San Diego • San Francisco • Seattle • Tampa • Washington, DC

FP 44268782.1

> hours worked, or failure to provide proper wage statements or notices, claims for breach of contract or compensation related to the payment of wages. The released claims include interest, liquidated damages, punitive damages, penalties, attorneys' fees and costs related to such claims

(See Exhibit A).

In the June 8, 2022 Order, the Court also concluded that that Plaintiff had failed to adequately support its request for attorneys' fees as set forth in the FLSA settlement agreement. In an effort to cure that deficiency, Plaintiff submits as Exhibit B hereto a spreadsheet containing Plaintiff's contemporaneously recorded billing records for this case, with allocations of the time and fee amounts attributed to the prosecuting Plaintiff's FLSA claims noted for the relevant time charges. (See Exhibit B).[1] Those legal tasks performed exclusively to prosecute Plaintiff's FLSA claims – including, for example, calculation and proof of Plaintiff's entitlement to overtime pay – are allocated fully to FLSA fees. Given the variety of unlawful termination theories asserted in this case, a substantial amount of Plaintiff's legal time relevant to prosecuting Plaintiff's FLSA retaliation claim are allocated to FLSA fees at a discounted percentage to reflect that much of the time spent prosecuting the FLSA retaliation claim also was relevant to the prosecution of Plaintiff's other theories of unlawful termination. Thus, for example, time spent, *inter alia*, preparing the Complaint and other Court submissions, reviewing documents related to Plaintiff's termination, and exploring the factual underpinnings of Defendants' purported legitimate business justification for termination at deposition of Defendants' witnesses (and related preparation for these depositions), were allocated to the FLSA claims at a substantially reduced percentage to reflect an appropriate allocation for the FLSA retaliation claim. (*See, e.g.,* Exhibit B at entries 818-19; 862-63; 882-83; 914-15 (allocation of time spent taking depositions)).

As set forth in Exhibit B, in total Plaintiff allocated 129.7 hours of the 713 hours of attorney time spent on this matter to the prosecution of Plaintiff's FLSA claims, an amount equal to just over 18% of total attorney time. Similarly, and as also set forth in Exhibit B, Plaintiff allocated just over 18% of Plaintiff's total lodestar in this case to the FLSA claims, an amount equal to $63,595 in total FLSA fees.

Plaintiff was represented in this matter by one attorney with over two decades of experience litigating plaintiff's employment cases and a second attorney with approximately seven years of experience litigating employment cases. The fees amount provided to Plaintiff's counsel in the revised FLSA Agreement is calculated based on billing rates well within the range of rates typically awarded in cases in this Circuit, and is substantially below Plaintiff's lodestar for prosecution of the FLSA claims.

---

[1] Because Plaintiff's time records spreadsheet contains confidential attorney-work product which Plaintiff is loath to have disclosed to Defendants prior to the consummation of a settlement, Plaintiff will separately submit the time records spreadsheet to the Court via a confidential *ex parte* email communication at an email address provided by Chambers  Of course, should the Court determine that some other method of submission is more appropriate, Plaintiff will follow the direction of the Court.

   Accordingly, for all the foregoing reasons, Plaintiff respectfully submits that the $20,000.00 allocated for legal fees in the revised FLSA Agreement are reasonable in that they constitute one-third of Plaintiff's recovery, and reflect a substantial discount of the total fees billed to prosecuting Plaintiff's FLSA claims in this action.

   Finally, the parties rely on and incorporate the June 3, 2022 letter to support their position that the revised FLSA Agreement complies with <u>Cheeks v. Freeport Pancake House Inc.</u>, 796 F.3d 199 (2d Cir. 2015) and reflects a compromise between the Plaintiff and Defendants.

   Accordingly, the parties respectfully request that the Court approve the agreement.

   The parties thank the Court for its attention to this matter.

             Respectfully submitted,

| **BANTLE & LEVY LLP** | **FISHER & PHILLIPS LLP** |
|---|---|
| By:   */s/ Robert L. Levy* <br>     Robert L. Levy, Esq. <br>     Sherie N. Buell, Esq. <br>     99 Park Avenue, Suite 1510 <br>     New York, New York 10016 <br>     Tel. (212) 228-9666 <br>     levy@civilrightsfirm.com <br>     Buell@civilrightsfirm.com <br>     Attorneys for Plaintiff | By: *[signature]* <br>     Colleen P. Tandy, Esq. <br>     430 Mountain Avenue, Suite 303 <br>     Murray Hill, NJ  07075 <br>     Phone:  (908) 516-1050 <br>     E-mail:  ctandy@fisherphillips.com <br>     Attorneys for Defendants |
| Dated:  June 15, 2022 | Dated:  June 15, 2022 |

# EXHIBIT A

# STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement ("Settlement Agreement") is entered into between Plaintiff Bina Radosti ("Plaintiff" or "Radosti") and Defendant Hudson's Bay Company ULC ("HBC") (incorrectly named as Hudson's Bay Company d/b/a Lord & Taylor) (Plaintiff and HBC are collectively referred to herein as the "Parties"), to settle the wage and hours claims asserted in the matter *Bina Radosti v. Hudson's Bay Company d/b/a Lord & Taylor and Lord & Taylor LLC, 18-cv-12266 (VSB)* (the "Wage-Hour Claims").

**WHEREAS,** in the Wage-Hour Claims, Plaintiff has asserted a cause of action, claim, or demand based on alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") including, but not limited to, non-payment of overtime wages allegedly earned by Plaintiff as well as alleged retaliation;

**WHEREAS**, HBC denies that it has committed any wrongdoing or violated any federal, state, or local laws, vigorously dispute the claims asserted in the Wage-Hour Claims, and continue to assert that it has strong and meritorious defenses to such claims;

**WHEREAS,** the Parties have agreed that in order to avoid the expense and burdens of further litigation and after substantial, arms-length settlement negotiations, the Parties desire to resolve and settle the Wage-Hour Claims, including releasing all claims and charges against Defendant Released Parties (defined below), asserted therein, upon the terms and conditions more fully set forth below; and

**IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED,** by and among the Plaintiff and HBC, and intending to be legally bound that subject to the approval of the Court, the Wage-Hour Claims shall be settled and dismissed as against HBC and Lord & Taylor LLC ("Lord & Taylor"), on the merits and with prejudice and the released claims, set forth in Paragraph 4, shall be

finally and fully compromised and settled in the manner and upon the terms and conditions hereafter set forth:

1. **<u>Process for Approval of Settlement</u>.** The parties agree to submit this Settlement Agreement to the Court along with all papers necessary to obtain approval of this Settlement. Once approved by the Court, the parties will execute this Agreement within 5 days.

2. **<u>Payment of Settlement Proceeds</u>.** In consideration of the execution of this Settlement Agreement and promises and covenants contained herein, and in full, final, and complete settlement, the Parties acknowledge and agree that the Wage-Hour Claims are settled and resolved for the total gross amount of Sixty Thousand U.S. Dollars ($60,000) inclusive of Plaintiff's counsel's attorneys' fees, expenses and costs ("Gross Settlement Amount"). Plaintiff acknowledges that the Gross Settlement Amount is sufficient and adequate consideration in exchange for Plaintiff's promises, releases and covenants as set forth below. Within twenty-one (21) days of the Court's final approval of this Settlement Agreement as well as receipt of an original IRS Form W-9 signed by Plaintiff and Plaintiff's Counsel, HBC shall deliver to Plaintiff's counsel, Bantle & Levy LLP, the following settlement payments:

   a. A check made payable to Bina Radosti in the gross amount of Twenty Thousand Dollars ($20,000.00), less applicable federal, state and local taxes and other appropriate payroll deductions, for alleged lost wages, which amount will be reported for tax purposes on a U.S. Internal Revenue Service ("IRS") Form W-2;

   b. A check made payable to Bina Radosti in the gross amount of Twenty Thousand Dollars ($20,000.00), to compensate Plaintiff for alleged liquidated damages and statutory penalties as well as alleged emotional distress, and which amount will be reported for tax purposes on an IRS Form 1099;
2

FP 44261719.1

c. A check made payable to "Bantle & Levy, LLP", as attorneys for Plaintiff, in the amount of Twenty Thousand Dollars ($20,000.00), which amount will be reported for tax purposes on an IRS Form 1099. Plaintiff's counsel agrees to provide a signed IRS Form W9 to effectuate payment.

Plaintiff understands and agree that HBC is providing her with no tax or legal advice, and make no representations regarding tax obligations or consequences, if any, related to this Agreement. Except as to withholdings in connection with the payment made pursuant to 2.2a, which shall be the responsibility of Defendant, Plaintiff agrees that she will be solely responsible for any and all taxes owed and payable by her with respect to the settlement payment and agrees that she will timely file the appropriate income tax return(s) for calendar year reflecting the above payment, and will timely pay the taxes. Notwithstanding the foregoing, if any claim is asserted against HBC or any of the Defendant Released Parties (defined below), by any taxing authority with respect to the payments provided for herein, Plaintiff shall hold harmless and indemnify HBC and any of the Released Parties from any cost, loss, liability, expense, fine, and penalty assessed against Plaintiff, and any attorneys' fees arising from any of the payments set forth herein and/or the extent of withholdings from same; provided, however, that Plaintiff shall bear no responsibility for or in connection with the failure of HBC to make any employer's contributions to payroll taxes.

3. **<u>Settlement Payments Do Not Trigger Additional Benefits</u>.** All payments to Plaintiff shall be deemed to be paid solely in the year in which such payments actually are received by the Plaintiff. The Parties agree and Plaintiff acknowledges that the payments provided for in this Settlement Agreement are the sole payments to be made to the Plaintiff in connection with the Wage-Hour Claims and that the Plaintiff is not entitled to any new or additional compensation or benefits as a result of having received the payments (notwithstanding any contrary language or agreement in any

benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

**4.** **Waiver and Release of Claims against Defendants.**

4.1     The term "Defendant Released Parties" as used in this Agreement includes (a) Hudson's Bay Company ULC and each of its past, present, and future owners, parents, divisions, subsidiaries, partnerships, other affiliates, and related entities (whether or not they are wholly owned); (b) Lord & Taylor LLC and each of its past, present, and future owners, parents, divisions, subsidiaries, partnerships, other affiliates, and related entities (whether or not they are wholly owned);(c) the past, present, and future owners, trustees, fiduciaries, administrators, management committees, benefit plans, shareholders, directors, officers, partners, agents, representatives, members, associates, employees, and attorneys of each entity listed in subparts (a) and (b) above; and (d) the predecessors, successors, and assigns of each entity listed in subparts (a) and (b) above.

4.2     Plaintiff, in consideration of the Settlement Payment set forth in Paragraph 2, releases and forever discharges the Defendant Released Parties, from the wage and hour claims asserted in *Bina Radosti v. Hudson's Bay Company d/b/a Lord & Taylor and Lord & Taylor LLC*, 18-cv-12266 (VSB) from Plaintiff's employment at Lord & Taylor from June 5, 2015 until her termination on January 5, 2016 relating to the laws governing minimum wage, overtime pay, wage payments, or other wage and hour issues, including, but not limited to, claims arising under the Fair Labor Standards Act, New York Labor Law, Article 5, § 160, *et seq.*, New York Labor Law, Article 6, § 190, *et seq.*, the New York Minimum Wage Act, New York Labor Law, Article 19, § 650, *et seq.*, New York's Minimum Wage Order, 12 NYCRR Part No. 142, claims for unpaid wages, unpaid overtime, disputes over hours worked, or failure to provide proper wage statements or notices, claims for breach of contract or compensation related to the payment of wages.  The released claims include

interest, liquidated damages, punitive damages, penalties, attorneys' fees and costs related to such claims.

5. **Scope of Waiver of Claims.** Nothing in this Settlement Agreement shall constitute a waiver of any rights to enforce the terms of this Settlement Agreement or waiver of claims that cannot be legally waived or of claims that arise after the date this Settlement Agreement is executed. Nothing in this Settlement Agreement shall be construed to prohibit Plaintiff from filing a charge with or participating in any investigation or proceeding conducted by the EEOC, NLRB or comparable state or local agency. However, Plaintiff agrees that she has released the Defendant Released Parties from any and all liability arising from the laws, statutes, and common law listed in Paragraph 4, above. As such, Plaintiff is not and will not be entitled to any monetary or other comparable relief on her behalf resulting from any proceeding brought by Plaintiff, or any other person or entity, including but not limited to any federal, state, or local agency. With this release of claims in this Settlement Agreement, Plaintiff specifically assigns to HBC its right to any recovery arising from any such proceeding.

6. **Settlement Contingent on Court Approval.** This Settlement Agreement is contingent upon the Court's approval of the Settlement ("Final Approval"). If the Court refuses to grant Final Approval, this Settlement Agreement may be voided at any Party's option, in which case this Settlement Agreement will become void and will not be used for any purpose in connection with any further litigation or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint.

7. **Non-Disclosure and Communications.**

a. Plaintiff's counsel and HBC's counsel will not contact the media, post online or utilize any social media regarding this Settlement or its terms. If contacted by the media regarding this

Settlement, counsel's response can be "no comment" or be limited solely to words to the following effect: "The matter has been resolved."

b. Plaintiff's Counsel will promptly notify HBC's Counsel of any third-party demand that they disclose information pertinent to this Settlement.

c. No provision in this Settlement Agreement shall be construed to restrict Plaintiff's ability to discuss her experience in litigating a wage-and-hour case brought pursuant to the Fair Labor Standards Act or New York Labor Law.

8. **Mutual Full Cooperation.** The Parties will fully cooperate with each other and with the Court to accomplish the terms of this Settlement Agreement, including but not limited to, the preparation and execution of documents necessary to implement this Settlement Agreement. The Parties will use their best efforts to effectuate this Settlement Agreement, and will use their best efforts to obtain the Court's approval of the Settlement and to defend the Settlement from any legal challenge.

9. **Complete Agreement.** No representation, promise, or inducement has been offered or made to induce any Party to enter into this Settlement Agreement, which contains the entire, complete, and integrated statement of all Settlement terms and supersedes all previous oral or written agreements. This Settlement Agreement may not be amended or modified except by a writing signed by the Parties' authorized representatives, provided any such amendment or modification is not contrary to law or an order of the Court.

10. **Notifications and Communications.** Any notifications or communications made in connection with this Settlement Agreement shall be sent to the Parties at the addresses of their respective counsel as follows:

| | |
|---|---|
| BANTLE & LEVY, LLP<br>c/o Robert L. Levy, Esq.<br>Sherie N. Buell, Esq.<br>99 Park Avenue, Suite 1510 | FISHER & PHILLIPS LLP<br>c/o Colleen P. Tandy, Esq.<br>430 Mountain Avenue, Suite 303<br>Murray Hill, New Jersey 07974 |

| | |
|---|---|
| New York, New York 10016 | Tel. (908) 516-1057 |
| Tel. (212) 228-9666 | Fax (908) 516-1057 |
| levy@civilrightsfirm.com, buell@civilrightsfirm.com | ctandy@fisherphillips.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

11. **No Admission of Liability and No Concession as to the Merits.** Defendant Released Parties deny that they violated the law in any manner alleged in or related to the Wage-Hour Claims. Plaintiff acknowledges and agrees that the payments made pursuant to this Settlement Agreement are not to be construed as an admission of liability on the part of any of the Defendant Released Parties. The Parties enter into this Settlement Agreement to avoid the risks, uncertainty, expense and burden of further litigation. This Settlement Agreement shall not be construed or deemed to be an admission of liability, culpability, negligence, or wrongdoing on the part of any Defendant Released Party. Neither the Settlement nor the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement or the Settlement Agreement: (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of any Defendant Released Parties; or (ii) is or may be deemed to be or may be used as an admission or evidence of any liability, fault or omission of any Defendant Released Parties in any civil, criminal or administrative proceeding in any court, arbitration proceeding, administrative agency or other forum or tribunal in which any Defendant Released Parties are or become a party, other than in such proceedings as may be necessary to consummate or enforce the Settlement Agreement or the Final Approval order.

12. **Waiver.** The waiver by one party of any breach of this Settlement Agreement by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement. No rights under this Settlement Agreement may be waived except in writing and signed by the waiving party.

13. **Miscellaneous.** This Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or such party's counsel participated in the drafting of the Settlement Agreement. This Settlement Agreement constitutes the entire agreement among these Parties, and no representations, warranties or inducements have been made to the Parties concerning this Settlement Agreement, other than the representations, warranties and covenants contained and memorialized in such documents.

14. **Execution In Counterparts.** This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Fax or .pdf signatures shall be deemed original copies for the purposes of this Settlement Agreement.

15. **Binding Effect.** This Settlement Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto.

16. **Governing Law**. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to choice of law principles. The Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Settlement Agreement or any of its terms. All Parties to this Settlement Agreement shall be subject to the jurisdiction of the Court for all purposes related to this Settlement Agreement.

17. **Headings.** The Paragraph headings in this Settlement Agreement are for the convenience of reference only, do not constitute a part of this Settlement Agreement, and shall not be deemed to limit or affect any provision hereof.

18. **Knowing and Voluntary Agreement.** The Parties enter into this Settlement Agreement knowingly, voluntarily, and with full knowledge of its significance. The Parties have not been coerced, threatened, or intimidated into signing this Settlement Agreement and have consulted

with legal counsel regarding the Settlement Agreement. In addition, Plaintiff acknowledges that she has been given a reasonable time in which to consider and sign this Settlement Agreement, that the Settlement Agreement has been written in a clear manner, and that she fully understands the significance of all the terms and conditions of this Settlement Agreement and has had the opportunity to discuss them with her attorneys and her attorneys have answered to her satisfaction any questions she has asked with regard to the meaning and significance of any of the terms or provisions of this Settlement Agreement.

                                              Hudson's Bay Company ULC

_____    By:_____
Bina Radosti

                                              Dated:_____

Dated:_____