UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
BINA RADOSTI,                                               :
:
                           Plaintiff,           :
                                             :
                                             :   18-CV-12266 (VSB)
                      -v-                                   :
                                             :           **ORDER**
HUDSON'S BAY COMPANY, et al.,                :
:
                           Defendants.     :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       On June 8, 2022, I issued an Opinion & Order denying without prejudice the parties' proposed settlement agreement in light of the parties' inclusion of an overbroad release and Plaintiff's failure to provide any evidence to support its claim for attorneys' fees (the "June 8, 2022 Order," Doc. 89).[1] I instructed the parties that they may proceed by either (1) filing a revised proposed settlement agreement on or before June 15, 2022 that cures the deficiencies in the provisions as discussed in the Order; or (2) filing a joint letter on or before June 15, 2022 that indicates the parties' intention to abandon settlement and continue to trial, which is currently scheduled to begin June 29, 2022. (*Id.*) The parties have submitted a revised settlement agreement that amends the release in accordance with my June 8, 2022 Order, and Plaintiff provided attorney billing records in support of the claim for attorneys' fees. (Doc. 35.) Because the release complies with the parameters set forth in my June 8, 2022 Order and limits released claims to those claims relating to wage and hour violations specifically related to this action, I find the revised release to be fair and reasonable.

---

[1] I assume the parties' familiarity with the background of this action, which is set forth in my June 8, 2022 Order. (Doc. 89.)

I now separately address the reasonableness of the requested settlement amount and attorneys' fees. I find that the settlement amount and attorneys' fees are fair and reasonable.

## I. Applicable Law

### A. *Settlement Amount*

When assessing the fairness of a settlement amount in a FLSA action, courts in this circuit consider a "maximum possible recovery," which includes all possible bases entitling a FLSA plaintiff to monetary relief, such as "liquidated damages." *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 316, 322 (S.D.N.Y. 2021); *Zorn-Hill v. A2B Taxi LLC*, Case No. 19-CV-1058 (KMK), 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) ("The percentages provided by the Parties undercount the [p]laintiffs' alleged damages and best-case return" because "they do not include liquidated damages"); *Vargas v. Pier 59 Studios L.P.*, 18-CV-10357 (VSB), 2020 WL 8678094, at *1 (S.D.N.Y. Sept. 10, 2020) ("Plaintiff's calculation of potential recovery does not appear to include the possibility of liquidated damages, which FLSA authorizes at a rate of 100 percent of unpaid wages"). Because of this, parties seeking approval of a FLSA settlement must supply calculation addressing all possible sources of a plaintiff's potential damages. *See, e.g.*, *Ramos v. DNC Food Serv. Corp.*, 19-CV-2967 (VSB), 2022 WL 576300, at *2 (S.D.N.Y. Feb. 25, 2022) (calculating damages based on "unpaid minimum wage, unpaid overtime premiums, unpaid spread of hours premiums, liquidated damages, wage notice and wage statement damages, and interest as of the date of the mediation statement." (internal quotation marks omitted)); *Kanchanawong v. Amobee, Inc.*, 21-CV-4409 (VSB), 2021 WL 6500139, at *2 (S.D.N.Y. Dec. 27, 2021) (assessing a settlement breaking down the sources of possible damages as stemming from "around $51,000 in unpaid wages, $51,000 in liquidated damages, and $10,000 for violations of the Wage Theft

Prevention Act."); *Galindo v. E. Cnty. Louth Inc.*, 16 Civ. 9149 (KPF), 2017 WL 5195237, at *4 (S.D.N.Y. Nov. 9, 2017) ("The settlement amount that Plaintiff is to receive, $5,292, would cover all back wages, liquidated damages, and statutory penalties.").

### B.    *Release Provision*

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). "A number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)). This rejection also applies to future claims that are "known or unknown." *See Rojas v. Bronx Moon LLC,* Case No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018) ("The inclusion of 'any and all FLSA claims and NYLL claims of any kind or nature' is overbroad.").

### C.    *Attorneys' Fees*

Where a settlement agreement includes a provision for attorneys' fees, courts must "separately assess the reasonableness of plaintiffs' attorney's fees." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). A district court in this Circuit may use its discretion to calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). "[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third the total

3

recovery." *Zorn-Hill*, 2020 WL 5578357, at *6 (citations omitted); *see also Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (awarding "approximately 6.3 times" the lodestar and stating "[c]ourts regularly award lodestar multipliers of up to eight times the lodestar").

## II.     Discussion

### A.     *Settlement Amount*

The agreement provides for the distribution to Plaintiff of $60,000 inclusive of attorneys' fees, expenses, and costs. (Rev. Settlement Agmt. § 2.)[2] The parties state that both Plaintiff and Defendants agree that the settlement amount is fair to Plaintiff. (Settlement Agmt. 3.)[3] Based on Plaintiff's deposition testimony, she calculates the total damages for unpaid wages is $1,000, which the revised agreement provides. (*Id.*) The agreement also provides for $1,000 in liquidated damages, $38,000 for the alleged retaliation damages, and $20,000 for attorneys' fees. (*Id.*; Rev. Settlement Agmt. § 2.) Plaintiff estimates that she could potentially recover damages for lost wages between $150,000 and $200,000, and additional damages for emotional distress. (Settlement Agmt. 3.) While the settlement agreement's actual recovery is lower than that

---

[2] "Rev. Settlement Agmt." refers to the revised Stipulation and Agreement of Settlement submitted by the parties for my approval on June 15, 2022. (Doc. 92.)

[3] "Settlement Agmt." refers to the original Stipulation and Agreement of Settlement and joint letter requesting that I approve the settlement filed on June 3, 2022. (Doc. 88.)

4

calculated by Plaintiff, recognizing that Plaintiff's "multiple and overlapping statutory claims concerning the termination of her employment," and both parties' "uncertainty as to which rationale for termination a jury would most likely adopt," if any, Plaintiff agrees that the settlement amount is "a fair and reasonable settlement of Plaintiff's FLSA and NYLL claims." (Settlement Agmt. 3.)

Moreover, the litigation risks and potential costs of continued litigation militate in favor of settlement of this case. The parties' settlement negotiations appear to have been at arm's length. Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the amount is fair and reasonable under the circumstances presented here.

### B. Release Provision

The current release provision provides in relevant part that

> Plaintiff, in consideration of the Settlement Payment set forth in Paragraph 2, releases and forever discharges the Defendant Released Parties, from the wage and hour claims asserted in *Bina Radosti v. Hudson's Bay Company d/b/a Lord & Taylor and Lord & Taylor LLC*, 18-cv-12266 (VSB) from Plaintiff's employment at Lord & Taylor from June 5, 2015 until her termination on January 5, 2016 relating to the laws governing minimum wage, overtime pay, wage payments, or other wage and hour issues, including, but not limited to, claims arising under the Fair Labor Standards Act, New York Labor Law, Article 5, § 160, et seq., New York Labor Law, Article 6, § 190, et seq., the New York Minimum Wage Act, New York Labor Law, Article 19, § 650, et seq., New York's Minimum Wage Order, 12 NYCRR Part No. 142, claims for unpaid wages, unpaid overtime, disputes over hours worked, or failure to provide proper wage statements or notices, claims for breach of contract or compensation related to the payment of wages. The released claims include interest, liquidated damages, punitive damages, penalties, attorneys' fees and costs related to such claims.

(Rev. Settlement Agmt. § 4.2.) The released claims are now limited to the claims at issue in this case, and the provision is consistent with release provisions previously approved in this district.

*See, e.g.*, *Ramirez v. Columbus Restaurant Fund IV, LLC, et al.*, 20-CV-8053 (VSB), 2022 WL 676171, at *1 (S.D.N.Y. Feb. 1, 2022); *Vargas*, 2021 WL 6066088, at *2. Therefore, I find the release provision is fair and reasonable.

  C.  **Attorneys' Fees**

To remedy its failure to support its request for attorneys' fees in the amount of $20,000, Plaintiff's counsel submitted their time records spreadsheet ex parte by email, with the consent of Defendants, because the records contain confidential attorney work product. (*See* Rev. Settlement Agmt.) In the joint letter in support of the parties' request that I approve the revised settlement agreement, Plaintiff explains that, given the number of unlawful termination claims asserted in this case, the time spent specifically pursuing Plaintiff's FLSA claims was difficult to assess. (*Id.*) Therefore, Plaintiff allocated the time spent on tasks relevant to all claims, such as preparing the complaint and court submissions and reviewing documents related to her termination, to the FLSA claims at a reduced percentage, in order to reflect an appropriate allocation. (*Id.*) Plaintiff allocated 129.7 hours of the 713 hours of time spent to litigation of her FLSA claims. (*Id.*) This equates to approximately 18% of the attorneys' time worked. Similarly, approximately 18% of the lodestar, or $63,595, was allocated to litigation of Plaintiff's FLSA claims. (*Id.*)

Here, the attorneys' fees amount represents approximately one-third of the total settlement amount. Under the lodestar method, even if I were to calculate the lodestar based on the higher end of reasonable billing rates in this district, the attorneys' fees award is still significantly lower than multipliers of the lodestar recognized as reasonable and regularly awarded in this district.[4] Under either method of analysis, I find the attorneys' fees

---

[4] Courts in this district generally find hourly rates of up to $350 reasonable for attorneys working on FLSA litigation. *See Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507–08 (S.D.N.Y. 2012) (awarding fees to

6

contemplated in the settlement agreement to be fair and reasonable.

### III. Conclusion

For the reasons stated above, I find that the parties' proposed settlement agreement and award of attorneys' fees is fair and reasonable. The settlement agreement of the parties is hereby APPROVED.

The jury trial scheduled to commence on June 29, 2022 is hereby canceled and any outstanding deadlines in this case are terminated. The Clerk of Court is directed to terminate any open motions and close this case.

SO ORDERED.

Dated: June 24, 2022
    New York, New York

*(signed)*
Vernon S. Broderick
United States District Judge

---

Plaintiffs' counsel's firm at rates of $175/hour for associate work and $350/hour for partner work); *Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402(RLE), 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (awarding $350/hour to attorneys with twelve years' experience). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson*, 2011 WL 4357376, at *20; *see also Beckman*, 293 F.R.D. at 481–82 (awarding "approximately 6.3 times" the lodestar and stating "[c]ourts regularly award lodestar multipliers of up to eight times the lodestar"). Assuming the attorneys' billing rates were at the higher end of reasonable rates of $350, based on the 129.7 hours worked on the FLSA claims, the lodestar would equal $45,395. The $20,000 attorneys' award fee is significantly less than this amount.

7